Good morning. May it please the Court, Joe Seguenza for Petitioner, Manjula Devi. The issue in this immigration appeal is whether the Board committed an abuse of discretion in denying her motion to reopen, based upon the 2006 coup in Fiji and changed country conditions. Petitioner respectfully submits that the Board committed an abuse of discretion in failing to consider three things. Most importantly, the Board looked at the 2006 coup in isolation and failed to take into account the four coups since 1987 and more than 20 years of systematic ongoing abuse of Indofijians by Native Fijians. The Board also failed to take into account longstanding deep divisions and racial antagonism against Indofijians, of which Petitioner is an Indofijian. The Board also appeared to disregard Petitioner's credible declaration that she feared or had a well-founded fear of returning to Fiji in light of the 2006 coup and reference to her family and relatives advising her that the situation in Fiji was very volatile and that the human rights of citizens are being violated by the military. This coup is unique in that the military was behind the coup itself, and the military took certain actions after the coup prevalent to this day where the human rights of citizens, Indofijians and Fijians alike, are being violated. But most importantly the... It helped me that we're talking about which coup? The 2006 coup. 2006 coup. Yes. But most importantly it appears that Petitioner falls into a disfavored group category here where she suffered violence with a distinct racial slant when she was subjected to an attempted sexual attack when she was living in Fiji back in 1987. And I believe under the Sinhan Seyal precedent that discriminatory acts can be persecution if they're widespread, most particularly if you fall under this disfavored group analysis. Civil unrest in the country of Fiji does not necessarily undercut one's claim of persecution based on incidents specific to her. So if you take into context the more than 20 years of racial divide and racial antagonism against Indofijians, in light of the 2006 coup, even though it might have been a bloodless coup, it still doesn't detract from the fact that there is still racial antagonism and racial hostility toward Indofijians present back in 2006 continuing through today, and that encompasses over a 20-year period. What Petitioner would respectfully ask the Court is to remand for further fact-finding as to whether the changed country conditions are directly applicable to her situation. It's significant to note that under the well-founded fear analysis, even a 10 percent chance of persecution is sufficient to find well-founded fear. And that is what her motion to reopen is focusing on, whether or not she possesses a well-founded fear of persecution, despite the IJ's previous denial of past persecution for her asylum claim. It's also significant to note that this is not her experience itself back in 1987 at the hands of the Indofijians. Excuse me, at the hands of the Natofijians were not a random criminal act, but were particularly targeted her as an Indofijian and as a woman, and specifically the racial slur that she recounted at her hearing when she was subjected to the attempted sexual attack shows that she was targeted as, or the act against her was targeted as a crime of violence with a distinct racial slant, and that's on account of her ethnicity. But notwithstanding that. Scalia. Would you say that the racial slant gets to a reopening, just the existence of a racial aspect? Is that enough? It can, Your Honor. We would respectfully submit that her well-founded fear is primarily based on the fact that she is an Indofijian and a woman. And I believe we cited to the country conditions articles that unfortunately acts of rape and sexual abuse and sexual attack are still prevalent in the country, or they were prevalent in 2006 when this motion reopened was brought before the board. And she would rely on the fact that she is an Indofijian and a woman and satisfies the nexus, if you will, to further remand for further fact-finding. I hope that sufficiently addresses your question. Thank you. And I'll reserve for rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Roseanne Perry on behalf of the Attorney General. Could you bring the mic just a little closer to you? Roseanne Perry on behalf of the Attorney General. The board did not abuse its discretion in denying the petitioner's motion to reopen, untimely motion to reopen. She failed to demonstrate that changed circumstances in Fiji materially affected her claims for asylum and withholding of removal. Despite petitioner's counsel's contention that the board looked at her case in isolation, just with regard to the 2006 coup, the board actually compared or had to compare the changed circumstances from when she initially filed for asylum with the new evidence. I also want to point out that the Court's previous denial of her past persecution claim is not properly before the Court right now. So despite petitioner's counsel's contentions, the Court may not properly review the past persecution. So the implication of that is that we take it as a given that she didn't suffer past persecution? Yes, the government would submit that as true. So now we're just looking at the new evidence. The new evidence does not show that Indo-Fijian women are particularly harmed or were harmed as a result of the 2006 coup. The interim military government was actually, took control peacefully and for the safety and security of the Indo-Fijian people. Moreover, the untimely motion to reopen failed to link the new evidence of conditions in Fiji with the basis of her initial asylum claim, which was the 1987 attempted rape. None of the evidence shows that Indo-Fijian women are being targeted. Further, while the petitioner, oh, I'm sorry, just one moment. With regard to the disfavored group argument, the petitioner waived that argument. There's nothing in the brief discussing disfavored group at all. And racial hostility is not persecution. If there are no questions. Are there any further questions? There don't appear to be any. Okay. Based on the evidence, the government would submit that the board did not abuse its I'd just like to point or submit to the Court that, excuse me, the 2006 coup is indicative of the fact that conditions still remain volatile in Fiji. They remain unstable. They remain uncertain. The military has abrogated fundamental rights and liberties of citizens, both Indo-Fijian and Fijians alike. And the military's suppression of free speech and public demonstrations are evident in the country conditions articles. If you look at the history of vicious, excuse me, if you look at the history of vicious racial antagonism by natives against Indo-Fijians, it appears that these country conditions articles, or at least the fact of the 2006 coup, is sufficient to show a prima facie case of a well-founded fear, which would require that. But you agree that she didn't have one before, that this Court said that she didn't have a well-founded fear prior to the 2006 coup, right? You don't dispute that. That's correct, Your Honor. The I.J. did not find past persecution, so therefore there is no presumption of well-founded fear. Also did not find a well-founded fear because I believe the I.J. had indicated that it was general civil strife rather than persecution that was insufficient to find a well-founded fear, if I recall the record correctly. Then do you have to show that the 2006 coup itself created this well-founded fear? No. I'm sorry. Go ahead. I believe that you have to look at not only the 2006 coup, but the history of Fiji and take it into context. And if you take it into context, from 1987, from the time of the first coup, the fact that Fiji has suffered four coups since 1987, I believe in context is sufficient to establish at least a well-founded fear, a prima facie well-founded fear, sufficient to remand for further fact-finding. Okay. Would you – you raised an argument with respect to the regulation 1208.13b1 Yes. And would you agree, the government has said that our recent decision in Balishta, which holds that you have to establish past persecution before you can become eligible for that safe harbor provision, would you agree that that deals with your contention in that regard? Yes, I would concede the point, yes. Thank you. Thank you. Thank you, Your Honor. The case just argued is submitted for decision.
judges: Adelman, Schroeder, Thomas